# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHAWN E. O'LEARY,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting commissioner of Social Security Administration,

    Defendant.

Case No. 2:16-cv-00865-GMN-CWH

**REPORT & RECOMMENDATION**

This matter was referred to the undersigned Magistrate Judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Shawn E. O'Leary's ("Plaintiff") application for disability insurance benefits under Title II and XVI of the Social Security Act. The Court has reviewed Plaintiff's motion for reversal/remand (ECF No. 17), filed September 2, 2016, the Commissioner's response and cross-motion to affirm (ECF Nos. 20), filed November 2, 2016, and Plaintiff's reply (ECF No. 21), filed November 22, 2016.

## BACKGROUND

**1.      Procedural History**

On September 15, 2010, Plaintiff applied for disability insurance benefits, alleging an onset date of January 1, 2010. AR[1] 195-201; 202-208. Plaintiff's claim was denied initially. A hearing was held before an Administrative Law Judge Gatto ("ALJ") on March 13, 2012. AR 38-57. After a hearing, the ALJ denied the claim in a decision dated April 6, 2012. AR 80-95. The Appeals Council granted a request for review on June 25, 2013 and remanded the matter for further proceedings. AR 96-100. The remand hearing was conducted on April 30, 2014. AR 58-75. The ALJ published an

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 12).)

unfavorable decision on July 23, 2014.  AR 14-37.  The Appeals Council then denied the request for review on February, 2016, and the ALJ decision became the final decision of the Commissioner.  Plaintiff on April 15, 2016, commenced this action for judicial review under 42 U.S.C. § 405(g).  *See* ECF Nos. 1, and 4.

**2.     The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920.  AR 18-19.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of January 1, 2010.  AR 20.  At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of bipolar affective disorder, major depressive disorder, anxiety disorder not otherwise specified, history of chronic low back pain, insomnia, and obesity.  *Id.*  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R Part 404, Subpart P, Appendix 1.  AR 21.  Under step four, the ALJ found that the claimant had the residual functional capacity to perform light work as defined in 20 C.F.R §§ 404.1567(b) and 416.967(b) but she is limited to only brief and superficial interactions with the public and coworkers, and no rapid or frequent changes in work routine or tasks due to reduced stress tolerance.  AR 25.  The ALJ also noted that Plaintiff is unable to perform any past relevant work.  AR 29.  The ALJ noted that Plaintiff was born on May 19, 1961 and was 48 years old, which is defined as a younger individual, age 18-49, on the alleged disability onset date.  The claimant subsequently changed age category to closely approaching advanced age.  *Id*.  Claimant has at least a high school education and is able to communicate in English. AR 30.  The ALJ found that considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.  *Id*.  Accordingly, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from January 1, 2010 to the date of the decision.  AR 31.

//

//

**DISCUSSION**

**1.     Standard of Review**

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides."  The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  *Id.*  The Ninth Circuit reviews a decision affirming, modifying or reversing a decision of the Commissioner *de novo*.  *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005).  However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence.  *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005).  In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record.  *Batson*, 359 F.3d at 1193.  When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation.  *See Burch*

*v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**2.     Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities

usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3. Analysis**

Plaintiff seeks reversal of the ALJ's decision because he did not adequately consider the opinion of the psychological consultative examiner, Dr. Belmont, who diagnosed Plaintiff with bipolar disorder, in assessing the RFC. Specifically, he argues that the ALJ failed to address Dr. Belmont's opinion that Plaintiff's symptoms would occasionally interfere with her ability to

6

successfully execute workplace tasks and interact adequately with her supervisors.  By failing to adopt either limitation, Plaintiff argues that the ALJ implicitly rejected both opinions which she argues is improper without stating specific and legitimate reasons that are supported by substantial evidence in the record.   Second, Plaintiff argues that the ALJ improperly rejected the opinion of Dr. Panish, who treated Plaintiff for several years, and diagnosed Plaintiff with bipolar I disorder.  According to Dr. Panish, Plaintiff would be unable to sustain simple work.

The Commissioner responds that the ALJ provided a thorough synthesis of the medical record, and provided ample reasons to support the RFC by relying on the conclusions of examining psychologist Dr. Belmont and two State agency doctors in support of his finding, while giving less weight to the unsupported and inconsistent opinion of Dr. Panish.

The issue before the Court is whether the ALJ's finding that Plaintiff retained the ability to perform light work is supported by substantial evidence and is free of reversible legal error. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"); *see also Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997).  "Where evidence is susceptible to more than one rational interpretation," the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The Court finds that the ALJ set forth a detailed and thorough summary of the facts and conflicting clinical evidence, stated his interpretation thereof, and appropriately assessed the medical evidence.  The ALJ explained in the decision the weight given to any opinions from treating and nontreating sources with legally valid reasons.  The ALJ appropriately considered Dr. Belmont's opinion and included it in his RFC determination, indicating that he would "extend the maximum benefit of the doubt to the claimant and find that she has moderate difficulties in maintaining social functioning," and that "she is limited to only brief and superficial interactions with the public and coworkers, and no rapid or frequent changes in work routine. . . ." AR 23.  But the ALJ also properly

gave greater weight to the opinions of the State agency doctors who both found that Plaintiff was capable of greater functionality than she claimed. AR 22-24. *See* 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i) (State agency medical consultants and other program doctors are "highly qualified" doctors who are also experts in Social Security disability evaluation). The ALJ explained that the opinions of State agency doctors Susan Kotler, Ph.D., and Mark Richman, Ph.D., were mostly consistent with the objective evidence and the other evidence. *Id.* As such, he also properly assigned greater weight to their opinions than that of Dr. Panish. AR 24-25. See Soc. Sec. Ruling 96-6p (Noting that opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.). Consistent with the ALJ's RFC finding, Dr. Kotler opined that Plaintiff could perform work involving brief encounters with the public and with coworkers, and work involving infrequent changes in routine. AR 22-23, 25. Dr. Richman opined that Plaintiff did not experience disabling limitations and had only mild limitations. AR 22-24. The ALJ is permitted to rely on the non-examining doctor's opinion, so long as it was consistent with the record. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The opinions of non-examining doctors provided substantial evidence supporting the ALJ's finding that Plaintiff was not disabled. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) ("We have held that the findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings.").

The ALJ also explained that he gave little weight to Dr. Panish's opinions because they were conclusory, vague, and inconsistent with the doctor's own treatment notes, as well as the record as a whole. AR 24-25. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (it is not necessary that an ALJ accept everything in a doctor's opinion before the Court may find that substantial evidence supports the Commissioner's decision). The ALJ extensively discussed and discounted the opinion of total disability because the treatment notes documented relatively mild objective findings, and included frequent normal mental status examinations. AR 24-25. Moreover, the ALJ thoroughly discussed the medical record as a whole in assessing the weight to be given to Dr. Panish's opinion. The Court finds that the ALJ provided clear and convincing reasons to disregard Dr. Panish's

opinions.

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for reversal/remand (ECF No. 17) be **denied**.

**IT IS FURTHER RECOMMENDED** that the Commissioner's cross-motion to affirm (ECF No. 20) be **granted.**

## NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 3, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge